May it please the court. The instructional error in this case is identical to the instructional error in Gibson v. Ortiz, and last year this court held that Gibson is still the law of the circuit. The question before the court today is whether Chavarria's amended claim that the jury instructions in his case on evidence admitted pursuant to evidence code section 1109 is unconstitutional, violates due process, whether that claim relates back to the claim in his original petition that the statute violates due process. If it does relate back, the district court said it's very likely that it will give Chavarria the relief he seeks, the relief that he would have got but for the negligence of his State appellate counsel, their failure to make a specific claim about the jury instructions. We submit that notwithstanding the court's conclusion in Hebner v. McGrath, the instruction claim does relate back. The Supreme Court said in Mayall v. Felix that a new claim relates back to an earlier claim if the two claims arise from the same conduct or occurrence or transaction. And it's clear that the Petitioner need only satisfy one of those three, conduct, occurrence, or transaction. The two claims have to be tied to a common core of operative facts. In Mayall, the claims were not tied to a common core. One was a challenge to the sixth under the Sixth Amendment confrontation clause. The other challenge, evidence admitted in violation, the Petitioner said, of his Fifth Amendment privilege against self-incrimination. In Chavarria's case, on the other hand, the claims are tied to a common core. To quote the district court, as a matter of common sense, a claim challenging jury instructions on the standard of proof and permissible use of propensity evidence is related to a claim challenging the admission of that evidence, because the jury would not have been given the challenged instructions but for the admission of the evidence. They are two pieces of one transaction. Unlike occurrence, which relates to a particular event in time, a transaction can take place over a long period of time. Here, the instructions must be given when evidence is admitted. Scalia. Why doesn't the lawyer's failure to raise the point constitute a waiver of it? I mean, if the lawyer's performance is bad enough to be a Strickland violation, you could argue that he had incompetent counsel. We did. But isn't that a waiver of the? No, because he exhausted the claim in the State courts. Yes. So that claim is not waived. As far as transactional relationship is concerned, these are two facets of one transaction, the transaction being the admission of propensity evidence under California Evidence Code Section 1109. The Court cannot admit evidence under that statute without giving these jury instructions. And these jury instructions, of course, are never given unless evidence is admitted under that statute. That was the basis of the district court's conclusion that they are transactionally related, that they are tied to a common core of operative facts. Now, the problem the district court had was that this court's decision in Hebner against McGrath reached the opposite conclusion. With all due respect, we submit that the Hebner court reached an incorrect conclusion because, for one thing, it conflated occurrence within the meaning of the relation back doctrine with transaction. Even if they relate to two different occurrences, and we submit they don't, they are still tied to the same transaction, parts of the same transaction. So where we are is that we would have to ask for an embankment to solve your problem. No. I suggest there is another basis on which this Court can avoid being bound by Hebner. Hebner, of course, is binding to the extent that it addressed certain arguments. It's not binding insofar as it did not address an argument that Chavarria makes. Hebner did not claim that the instructional error, the defect in the jury instructions, rendered the evidence code statute unconstitutional as applied. Chavarria makes that specific claim. The Hebner court never addressed that claim. Chavarria, in fact, in his original petition, refers a number of times to the constitutional error in the jury instructions. He says on page 14 of his original petition, the jury was instructed that it could infer that Petitioner had a disposition to commit acts of domestic violence and could use this disposition evidence as proof that he did commit the crime or crimes of which he is accused. He says the same thing on page 16, that the jury was specifically instructed to infer from the propensity evidence that Petitioner committed the crimes charged. And he says on page 21, this is a case where the trial court instructed the jury to infer from the propensity evidence that Petitioner committed the crime charged. Hebner makes it clear that in that case, the Petitioner did not make that argument. To quote from the Hebner opinion, Hebner made reference to the preponderance of evidence standard, which applied to the prior offense, only, only to further his argument that the admission of Penelope's testimony could have led the jury to find him guilty because they wanted to punish him for the prior crime against Penelope without regard to whether he was guilty of the charged crimes. That's not the argument that Chavarria makes. Chavarria makes an argument that because the jury instructions are an inseparable part of the admission of evidence under section 1109, if they violate due process, then the statute as applied is unconstitutional. And since the Hebner court never addressed that argument, it's this Court is free to do so. And on that basis, to find that Chavarria's new claim in his amended petition does relate back to his original challenge to the statute. Sotomayor, assuming we decide that, agree with you and decide that the claims do relate back, would we first have to overrule Mendez v. Knowles? No. Mendez is distinguishable. The instructions in Mendez were ambiguous. If you read the instructions which are set out in our brief, it's clear that the jury were first told that they had to find the prior crime committed beyond a reasonable doubt. And that they could use that evidence only for a limited purpose of finding an intent element in the charge crime. They were then given contradictory instructions, which were similar to the ones in Chavarria's case and in Gibson. So there, the instructions were ambiguous. The Gibson court specifically held that the instructions in Gibson's case, which are identical to those here, were not ambiguous. So Gibson remains the law of this circuit as decided by the court last year in Doe against Busbee. I see the yellow light is on, let me make a final comment here. The relation back doctrine is crucial to petitioners who file 2254 petitions in pro se. They rarely have the legal training and their original petition. That means that it's important as a policy to interpret the relation back doctrine as enunciated in mail against Felix in a much less narrowly constricted way than the court did in Hebner. And I commend that policy reason to you as one reason why the district court was correct in its conclusions, even though it felt itself bound. If the court deems that Hebner is binding, notwithstanding that we make an unconstitutional as applied argument that was not made by Hebner, then I do respectfully ask the court to recommend that this case be heard by the full court en banc so that it can reconsider the Hebner decision. Thank you, counsel. Thank you. May it please the Court. Peggy Ruffray from the Attorney General's Office for Respondent. Your Honor, there's only two issues before this Court. One is the untimeliness of the jury instruction claim and one is the constitutionality of the evidence code section 1109. I just want to make clear that the second new claim, which is ineffective assistance of appellate counsel, that claim has been waived because the only issue about that that was in the COA or was decided by the district court was the timeliness of that claim. The petitioner never briefed that issue in his opening brief or in his reply brief. So that claim is not before this court. And I think it's important to note that the merits of the jury instruction claim are not before this court either. The district court found that that claim was untimely and stopped there and said, I'm only issuing the COA. I've only decided that this is untimely. So that's the only claim here. That's the only claim that this court can decide. It can't reach a decision on the merits of that claim for the first time on appeal in the absence of a decision by the district court. Now, our argument on that question of whether the jury instruction claim relates back is that Hebner v. McGrath is identical to this case. It's binding on this court, and it's controlling law. Hebner was decided several years ago. Rehearing on Bonk was denied in that case. No votes were called for a rehearing on Bonk, and then cert was denied. So it is binding and controlling circuit authority, as the district court recognized. Sotomayor, what about the proposal or the route that Mr. Rosenbaum just laid out for us? Can you respond to that? Yes. The district court addressed that identical issue. And the district court actually went back and looked at the petition that was filed in Hebner. She got it from Pacer and looked at the actual claim that was made in Hebner. She looked at the claim that was made in this case. She compared those two claims and said there is nothing different about these two cases. What the Petitioner had argued in Hebner, he had mentioned in his evidentiary claim the preponderance of evidence standard. In Chavarria's case, he had mentioned that the jury instruction allowed the jury to consider this evidence for propensity. That was not an applied challenge. Chavarria was simply saying, I don't think propensity evidence should be allowed, period. He cited the jury instruction to say the jury was allowed to use this for propensity and then continued on with his argument that it was irrelevant and prejudicial and just shouldn't be allowed at all. There was nothing about that one sentence in his petition that suggested he was challenging the jury instruction itself. And that was the exact same situation in Hebner. That's what the district court found. It's at page 10 of the excerpts of record where she does this side-by-side comparison. And so the Ninth Circuit had all of that before it in Hebner, and it found it had addressed that actual argument. So this argument was raised in Hebner. The Ninth Circuit found a complete reading of the initial petition makes clear that the challenge was to the admission of the testimony. The jury instruction itself was not at issue. So in neither case was this as an as-applied challenge, and it's very clear that that was not what was being raised in this case. Kennedy, why aren't the jury instructions sort of joined at the hip with the evidence that about the transaction? Why does it – what's wrong with the argument that it should relate back? Well, the Hebner court addressed that argument and found that they were different in time and type, which is the test that the Supreme Court set forth in Mael v. Felix. The Hebner court said that the evidence comes in at one point in the trial, the jury instructions are given at another point in the trial, and that they're separate enough that they don't relate back. So the Court has already looked at that question and decided that they are not similar enough to relate back under the standards announced by the Supreme Court. Well, all the Supreme Court said was that it has to relate back. Well, the Supreme Court said that the test that had been previously used by this court was too broad, when it was saying that the transaction was the whole trial. And I think that's essentially what counsel is trying to argue, that this all came in at the trial, but the Supreme Court has already said, no, that's too broad, because if that was the case, then virtually every habeas claim would relate back And it's hard to imagine a case that could be more identical to Hebner v. McGrath than this case. It's the evidentiary issue was the timely-raised claim, and then the jury instruction issue was raised six years later. So that's exactly the same issue that the Court was faced with in McGrath, Hebner v. McGrath. And they decided that that was not similar enough. And I think it is binding and controlling on this Court. The district court carefully considered it and found no way to make any kind of distinction between these two cases. She said Hebner is virtually indistinguishable from the present case. So I think it's binding on this Court. I don't see that there is a way around it. The as-applied challenge is a very recent vintage. Let's put it this way. The State court reviewing this same evidentiary claim did not see this as an as-applied challenge at all. It just simply looked at the evidence and whether that evidence code, Section 1109, was unconstitutional. So no one has ever viewed that one sentence in the petition as an as-applied challenge. It's simply something that has been argued now to try to fit it into this relation-back rubric, but it simply doesn't work. And the district court, as I said, carefully analyzed that side-by-side comparison of this case to Hebner. Kennedy, if this were a matter of first impression, he would look favorably on the relation-back. She did say that, but she was bound by circuit law. And we submit that this Court is bound by that same circuit law. If the Court is interested, I can address the constitutionality of the evidence code statute. However, I think that that has been decided by a number of circuit precedent. Essentially, the Supreme Court's never decided that issue, and in the absence of any Supreme Court law, habeas relief is foreclosed. If there are no further questions, I'll submit. Thank you. Do I have it? Yes. Would it be my right? I won't repeat everything I have said. The State court opinion is simply objectively unreasonable. The State court took no account of all sorts of decisions of the State court of appeal which were clearly relevant. So I'm not going to address the State court's decision. The question is whether Hebner addressed the unconstitutional as applied claim that Javaria makes in his amended petition. And clearly, it does not. It did not. One has only to read the opinion. So that's just being argued now. That's just being raised now. That was argued in the amended petition, which was filed by the district court. And so it's not a claim that I'm making here this morning for the first time. This has been Javaria's claim from the moment he filed the amended petition. The Hebner court never addressed that. I respectfully submit that that is a compelling argument because the statute cannot be applied without the jury instructions. And if the jury instructions violate due process, which they do, as Gibson found, then it makes the statute unconstitutional as applied to Javaria's case and to every case in which those identical jury instructions were given. So I submit that that is a course that's open to this Court to circumvent the binding nature of Hebner. But if the Court disagrees with me, then, again, I make my request that the Court recommend that this case be heard by the full court en banc because I submit that the Hebner court misconstrued the Supreme Court's decision in mail against Felix, read it much too narrowly, as the district court concluded, and that the Supreme Court's decision in mail against Felix is a matter that should be reviewed by the full court en banc. I hope we don't have to get that far. Thank you, counsel. Thank you. The case just argued will be submitted. The
judges: Goodwin, Reinhardt, Murguia